USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/21/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAURA MORITZ,

          Plaintiff,

-against-

TOWN OF WARWICK, TOWN OF GOSHEN, MATTHEW IMPERIO, individually and as an Employee of the Town of Goshen, BRETT M. LUKACH, individually and as an employee of the Town of Warwick, MICHELE LEA BIASO and JOY GORISH,

          Defendants.

No. 15-cv-5424 (NSR)
ORDER

NELSON S. ROMÁN, United States District Judge

On July 13, 2015, Plaintiff Laura Moritz ("Plaintiff" or "Moritz") began this action against Defendants the Town of Goshen, Matthew Imperio, individually and as an employee of the Town of Goshen, the Town of Warwick, Brett M. Lukach, individually and as an employee of the Town of Warwick, Michele Lea Biaso ("Biaso"), and Joy Gorish, alleging claims pursuant to 42 U.S.C. § 1983 for denial of civil rights and conspiracy to deny civil rights, as well as state-law claims of false arrest, malicious prosecution, malicious abuse of power, and failure to supervise or train. (ECF No. 1.) The commencement of this action spurred a slew of counterclaims by multiple Defendants based on various state-law claims. This Court's October 19, 2017, Opinion and Order (ECF No. 204.), and successful settlement negotiations between Plaintiff and Defendants resolved all federal claims and the majority of state-law issues. As a result, only *pro se* counterclaimant Michele Biaso's state-law claims against Plaintiff remain. (ECF No. 27.)

When this Court has original jurisdiction over a civil claim, the Court has the statutory authority to exercise supplemental jurisdiction "over all other claims that are so related to claims

1

in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The exercise of supplemental jurisdiction is one of discretion and, generally, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). It is well settled in the Second Circuit that a Court has discretion to dismiss claims over which it has supplemental jurisdiction after identifying a factual predicate which corresponds to one of the § 1367(c) categories. *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 446–447 (2d Cir. 1998) (holding that the adoption of 28 U.S.C. § 1367 altered the *Gibbs* analysis by granting the Court discretion to decline supplemental jurisdiction only if founded upon an enumerated category of subsection 1367(c)). Where, as here, the Court dismissed the claims over which it had original jurisdiction, the Court may decline to exercise supplemental jurisdiction. *See* § 1367(c)(3).

The only remaining claims in the instant case are state-law claims with no independent federal jurisdiction, by *pro se* Defendant Biaso against Plaintiff Moritz. The Court has dismissed all claims over which it had original jurisdiction. *See* 28 U.S.C. § 1367(c)(3).

Accordingly, it is hereby ORDERED that Defendant show cause in writing by December 21, 2017, why this action should not be dismissed, without prejudice to reasserting the state claims in state court, pursuant to 28 U.S.C. § 1367(c)(3).

Dated: November 21, 2017
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

2